**UNITED STATES of America, Plaintiff,**

**v.**

**ALL EQUIPMENT INCLUDING, BUT NOT LIMITED TO, AN ENCAPSULATING MACHINE NOT IDENTIFIED AS TO MANUFACTURER, Stainless Steel Coating Pans, a Colton Single Stage Rotary Tablet Press, a Fratelli Zanasi Encapsulating Machine, Tablet Punches and Dies, Which Equipment is in the Possession of Jamieson-McKames Pharmaceuticals, Inc., 3227 Morganford Road, St. Louis, Missouri, Defendant.**

No. 75–1150C(3).

United States District Court,
E. D. Missouri, E. D.

July 23, 1979.

Patricia J. Kenney, Atty., Consumer Affairs Section, Antitrust Div., Dept. of Justice, Washington, D. C., Wesley D. Wedemeyer, Asst. U. S. Atty., Dept. of Justice, St. Louis, Mo., for plaintiff.

Robert W. Saitz, St. Louis, Mo., for claimant—Jamieson-McKames Pharmaceuticals.

E. C. Hartman, St. Louis, Mo., for claimant—Lemay Bank & Trust Co.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court for decision upon the merits. This cause was consolidated with a related criminal action, *United States v. Jamieson-McKames Pharmaceuticals, Inc.,* No. 77–131 CR(3). Decision therein was rendered on March 29, 1979; the defendants, including the claimant herein, were convicted of eleven counts of adulterating, misbranding and counterfeiting drugs. On April 20, 1979, following an agreement by the parties herein that no further evidence would be adduced, the parties were ordered to submit findings of fact and conclusions of law, as well as additional briefs if necessary, in support of their positions. Plaintiff having advised this Court by telephone on July 18, 1979 that it would not file a reply brief, the matter was placed under submission to the Court.

This matter was tried before the Court without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, and being otherwise fully advised in the premises hereby makes the following findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure:

## FINDINGS OF FACT

1. Plaintiff United States of America brought this suit in December, 1975 alleging that defendant equipment, which had been located at 3227–29 Morganford Road in St. Louis, Missouri, was used or designed for use in making counterfeit drugs. Accordingly, plaintiff sought condemnation of the same pursuant to 21 U.S.C. § 334(a)(1).

2. Defendants are various articles of equipment seized on December 19, 1975 at the Morganford Road location, and presently consist of:

a. One Stokes Model 38 A Dryer, Serial No. A73960;

b. One Fratelli Zanasi Encapsulating Machine, Serial No. 12134;

c. One Encapsulating Machine Unidentified as to Manufacturer;

d. One Patterson Kelly Twin-Shell Blender, Serial No. 163902;

e. Three Stainless Steel Coating Pans;

f. One Wooden Coating Pan;

g. One Colton 4-Stage Rotary Press (Tablet);

h. Four Sets of Punches marked "10" on One End and Blank on the Other End; One Punch Marked "10" Without the Corresponding Blank End; and

i. Four Dies Corresponding to the Four Sets of Punches.

On June 18, 1976, Parke Davis & Company filed a claim, as owner, to the "Encapsulating Machine Unidentified as to Manufacturer". Parke Davis identified Jamieson-McKames Pharmaceuticals, Inc. as the lessee of the encapsulator. On April 4, 1977, Parke Davis consented to the entry of a judgment condemning the encapsulator pursuant to 21 U.S.C. § 334(a)(2). The condemnation was remitted on May 23, 1977, upon petition pursuant to 21 U.S.C. § 334(d)(3), to the custody of Parke Davis. Accordingly, since May 23, 1977, "One Encapsulating Machine Unidentified as to Manufacturer" is no longer a defendant herein.

3. On January 6, 1976, Jamieson-McKames Pharmaceuticals, Inc. filed a claim and answer on behalf of all defendant equipment. In the criminal cause, *United States v. Jamieson-McKames Pharmaceutical, Inc.*, No. 77–131 CR(3), this Court found and so finds herein:

Defendant Jamieson-McKames Pharmaceutical, Inc. is a corporation organized and existing pursuant to the laws of the state of Missouri. During the times relevant herein, said defendant was engaged in the business of buying, manufacturing, packaging, labeling, distributing and selling drugs. Said defendant sold drugs directly to doctors, clinics and pharmacies, through Pharmacare, Inc. and Payless Pharmacy, Inc. At all times relevant herein, the activities of defendant Jamieson-McKames were carried out by James C. Jamieson, Sr.; James C. Jamieson, Jr.; James C. Jamieson, III, a part-time employee; and approximately five other employees.

4. On June 18, 1976, Lemay Bank & Trust Company filed a claim to the "Fratelli Zanasi Encapsulating Machine, Serial No. 12134", based upon a security interest therein. On January 17, 1978, said claimant was permitted to withdraw its claim because the security interest had been satisfied.

5. Defendant encapsulating machine was located in a room at the Morganford location known as the encapsulating room. It was used to fill capsules. Defendant Colton 4-Stage Rotary Tablet Press was located in a back room at Morganford and was used in the manufacture of tablets. Defendant punches and dies, made for Jamieson-McKames Pharmaceuticals, Inc. by Advance Engineering in March, 1975, were specially made for defendant Tablet Press. Defendant Stokes Model 38 A Dryer, also located at Morganford, was used to prepare granulations, after mixing, for the manufacture of tablets. Defendant Patterson Kelly Twin-Shell Blender, located in a room by itself at Morganford, is designed for use in mixing granulations for tablets or capsules. The four coating pans, also located at Morganford, are designed for coating tablets. The evidence establishes, however,

that the coating pans were also used to mix "powders" or "beads" even though such usage would result in inadequate mixing because of the slow rotation of the coating pans.

6. Defendant Dryer was used by claimant to dry a yellow granulation, analyzed as diazepam. This drug is the active ingredient in Valium, a trademark of the drug manufacturer, Hoffmann-LaRoche. Neither claimant nor its officers or agents were authorized to use the trademark Valium. Nevertheless, claimant sold diazepam with the trademark Valium, thus falsely purporting and representing the drug to be that of Hoffmann-LaRoche.

7. Defendant Fratelli Zanasi Encapsulating Machine was used by James C. Jamieson, Sr., a member of the Board of Directors, and President and Treasurer of claimant Jamieson-McKames Pharmaceutical, Inc. In October, 1975, empty size 4, black/green capsules were collected from the Encapsulating Machine, and a balance nearby. Chlordiazepoxide powder was collected from the Encapsulating Machine as well. Hoffmann-LaRoche Librium 10 mg. is a size 4 black/green capsule containing chlordiazepoxide. The evidence established that claimant sold, as "Librium", a look-alike drug which did not contain the Hoffmann-LaRoche logo. Neither claimant nor its officers or agents were authorized to use the trademark "Librium". Also located near the Encapsulating Machine were size 4 red/white capsules. The evidence established that the Encapsulating Machine and these capsules were used to make capsules labeled "Serax" a product of Wyeth. Claimant did not have authorization to use said trademark; the capsules did not contain Serax nor did they bear the Wyeth logo. The evidence established that "Serax" was made at the Morganford location.

8. Defendant Twin-Shell Blender was used in the preparation of misbranded, adulterated and counterfeit drugs. It was the only suitable machine located at Morganford for mixing powders and granulations in the quantities produced by claimant.

9. Defendant Coating Pans were used to mix, blend, and coat the misbranded, adulterated and counterfeit drugs produced by claimant.

10. Defendants Rotary Press, Punches and Dies were also used to produce misbranded, adulterated and counterfeit drugs. Claimant distributed and sold drugs labeled as "Valium", "Diabinese", and "Zyloprim", although said products were not that of their legitimate manufacturers. Defendant punches and dies were identical to those used by Mead Johnson in the production of Vasodilan 10 mg. tablets. John Markovitch, who distributed drugs for Jamieson-McKames Pharmaceuticals, Inc., sold tablets which were labeled "Vasodilan 10" with a debossed "10" on the tablet. These were sold by the name of "Vasodilan" but were not the Mead Johnson product. Punches and dies were discovered at Morganford which corresponded to "Sudafed", manufactured and sold by claimant although neither claimant nor its officers were authorized to use said trademark. Similarly, punches and dies corresponding to "Chlorpropamide . . . Diabinese" were found although claimant had no authorization to manufacture or use the trademark of such product. All the products so manufactured by claimant resembled the legitimate manufacturer's product in size, shape, and color. Claimant sold or distributed said products as if they were products of the legitimate manufacturer.

## CONCLUSIONS OF LAW

This Court has jurisdiction over the subject matter and the parties to this suit pursuant to 21 U.S.C. § 334(a).

Claimant asserts herein only that:

1. There is no direct casual connection between the Defendant equipment and machinery and any counterfeit drug or drugs.

2. Defendant machinery and equipment was not engaged in the manufacture or production of any counterfeit drug or drugs.

3. Defendant machinery and equipment is therefore not subject to the condemnation and forfeiture.

The Court has found that all of defendant equipment and machinery was in fact used by claimant, its officers and agents, in the production of adulterated, counterfeit and misbranded drugs. By virtue of the provisions of 21 U.S.C. § 334, said items are subject to, and will be, condemned and forfeited.

Appropriate orders to the United States Marshal will issue.